1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION and WARNER BROS. ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> VIDANGEL, INC., <br><br> Defendant. | Case No. 16-cv-04109-AB (PLAx) <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Judge:  Hon. André Birotte Jr. <br><br> Date:    October 24, 2016 <br> Time:    10:00 a.m. <br> Crtrm.: 4 <br><br> Trial Date:      None Set |

1   Upon reviewing the legal argument and evidence filed by Plaintiffs Disney
2   Enterprises, Inc., Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation,
3   and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") in support of their
4   Motion For Preliminary Injunction ("Motion"); and having reviewed the opposition
5   legal argument and evidence filed by Defendant VidAngel, Inc. ("VidAngel"); and
6   having reviewed all reply materials and all argument of counsel; and having
7   considered the factors relating to (i) Plaintiffs' likelihood of success on the merits,
8   (ii) the likelihood of irreparable harm to Plaintiffs if preliminary injunction relief is
9   denied, (iii) the balance of hardships and (iv) the public interest, the Court HEREBY
10  FINDS AND ORDERS as follows:

11  Plaintiffs are likely to prevail on the merits of their claims that VidAngel has
12  violated and is violating 17 U.S.C. §§ 106 and 1201(a) by circumventing the
13  technological protection measures on Plaintiffs' DVDs and Blu-ray discs, copying
14  Plaintiffs' works onto computer drives and third-party servers, and transmitting
15  performances of those works to the public over the Internet without authorization.

16  Section 1201(a) of the Digital Millennium Copyright Act ("DMCA")
17  prohibits parties from "circumvent[ing] a technological measure that effectively
18  controls access to a work protected" by copyright.  17 U.S.C. §1201(a).  Plaintiffs
19  use CSS, AACS and BD+ to control access to their works on DVDs and Blu-ray
20  discs, all of which are technological protection measures controlling access to
21  copyrighted works, as defined in the DMCA.  VidAngel circumvents these access
22  controls by removing or bypassing the decryption on Plaintiffs' DVDs and Blu-ray
23  discs without authorization, thereby violating § 1201(a).

24  Section 106(1) of the Copyright Act grants a copyright owner the exclusive
25  right "to reproduce" its works "in copies."  17 U.S.C. § 106(1).  VidAngel infringes
26  this right by making copies of Plaintiffs' works to computers and third party servers.

27  Section 106(4) of the Copyright Act grants a copyright owner the exclusive
28  right "in the case of . . . motion pictures and other audiovisual works, to perform the

-2-

copyrighted work publicly." *Id*. §106(4).  The "transmit" clause—subsection (2) of the definition of a public performance—makes clear that a performance is public when it is transmitted by "any device or process" "to the public," regardless of whether the potential audience for the transmission receives it at the same time or at different times or is gathered in one location to receive the transmission or whether the audience is dispersed in numerous, otherwise "private" places. *Id*. § 101. VidAngel violates Plaintiffs' public performance right by transmitting performances of Plaintiffs' works to the public over the Internet without Plaintiffs' authorization.

VidAngel is unlikely to succeed on any of its defenses to Plaintiffs' claims. Neither the Family Movie Act of 2005 ("FMA") nor the fair use doctrine applies to the DMCA.  Nor do the FMA, fair use doctrine, or first sale doctrine excuse VidAngel's unauthorized reproduction and public performance of Plaintiffs' works.

Plaintiffs are likely to suffer irreparable injury without intervention of this Court, including interference with Plaintiffs' ability to control their works, interference with Plaintiffs' goodwill and relationships with licensees, harm to the rapidly evolving on-demand streaming market and creation of consumer confusion about that market.

The balance of hardships tips decidedly in Plaintiffs' favor.  Whereas the threat of harm to Plaintiffs is substantial, VidAngel cannot claim any legitimate hardships from being forced to desist from its infringing activities.

Public policy weighs in favor of issuing the preliminary injunction.  The public interest is served here by upholding Plaintiffs' copyrights and rights against unauthorized circumvention.

Accordingly, VidAngel and all of its officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY RESTRAINED AND ENJOINED from (1) circumventing technological measures protecting Plaintiffs' copyrighted works on DVDs, Blu-ray discs, or any other medium; (2) copying Plaintiffs' copyrighted works, including but

not limited to copying the works onto computers or servers; (3) streaming, transmitting or otherwise publicly performing or displaying any of Plaintiffs' copyrighted works over the Internet (through such websites as VidAngel.com), via web applications (available through platforms such as the Windows App Store, Apple's App Store, the Amazon App Store, Facebook or Google Play), via portable devices (such as through applications on devices such as iPhones, iPads, Android devices, smart phones or tablets), via media streaming devices (such as Roku, Chromecast or Apple TV), or by means of any other device or process; or (4) engaging in any other activity that violates, directly or indirectly, Plaintiffs anti-circumvention right under § 1201 of the Copyright Act, 17 U.S.C. §1201(a), or infringing by any means, directly or indirectly, Plaintiffs' exclusive rights under § 106 of the Copyright Act, 17 U.S.C. § 106.

      The Court orders Plaintiffs to post security in the amount of $50,000 to compensate VidAngel for its losses in the event that this injunction is reversed or vacated.


      IT IS SO ORDERED


DATED:  ____, 2016




_____
The Honorable André Birotte Jr.
United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION
16-CV-04109-AB (PLAX)