UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION; AND WARNER BROS. ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> VIDANGEL, INC., <br><br> Defendant. | Case No. 2:16-cv-04109-AB-PLA <br><br> [PROPOSED] JUDGMENT PURSUANT TO RULE 54(b) <br><br> Judge: Hon. André Birotte Jr. |
| VIDANGEL, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS. ENTERTAINMENT, INC., AND DOES 1-100, <br><br> Counterclaim-Defendants. | |

Pursuant to Federal Rule of Civil Procedure 54(b), a final partial judgment is hereby entered dismissing Defendant and Counterclaimant VidAngel, Inc.'s First, Second and Third Counterclaims for the reasons set forth in the Order Granting VidAngel's Motion for Entry of Final Judgment Dismissing VidAngel's First, Second and Third Counterclaims (ECF No. 266), attached hereto as Exhibit A.

IT IS SO ORDERED.

Dated: October 31, 2017

_____
Honorable André Birotte Jr.
United States District Judge

# EXHIBIT A

EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-04109-AB (PLAx) | Date: | October 5, 2017 |
|---|---|---|---|

| Title: | Disney Enterprises, Inc. et al v. VidAngel Inc. |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**    **Order Granting VidAngel's Motion for Entry of Final Judgment Dismissing VidAngel's First, Second and Third Counterclaims (Dkt. No. 203)**

    Before the Court is Defendant VidAngel's ("VidAngel") Motion for Entry of Final Judgment on the Dismissal of its Counterclaims Under Rule 54(b).  ("Mot.", Dkt. No. 203).  VidAngel moves for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) on the grounds that the Court's dismissal of VidAngel's Counterclaims with prejudice is a final decision, and there is no just reason for delay.  (Mot. at 1). Plaintiffs Disney Enterprises, Inc., Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, and Warner Bros. Entertainment Inc.("Plaintiffs") filed an opposition ("Oppo.", Dkt. No. 210), and Plaintiffs filed a reply ("Reply", Dkt. No. 213).  The Court finds the motion appropriate for resolution without oral argument and **VACATES** the hearing set for October 6, 2017.  *See* Fed. R. Civ. Proc. 78(b), Local Rule 7-15.  For the following reasons, the Court **GRANTS** VidAngel's Motion.

I.  **BACKGROUND**

a. **Factual and Procedural Background**

On June 9, 2016, Plaintiffs commenced this action by filing a complaint alleging that VidAngel was infringing upon Plaintiffs' exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), and violating the Digital Millennium Copyright Act (§ 1201 *et seq.*) ("DMCA"), with regard to several of Plaintiffs' copyrighted works.  (Dkt. No. 1).  On July 12, 2016, VidAngel filed an answer and counterclaim, which they subsequently amended on September 16, 2016.  (Amended Answer and First Amended Counterclaims, ("FACC"), Dkt. No. 77).  On October 14, 2016, Plaintiffs filed a motion to dismiss VidAngel's First Amended Counterclaims and strike VidAngel's affirmative defense of copyright misuse.  (Dkt. No. 103).  Plaintiffs sought dismissal of all counterclaims, but specifically sought to dismiss the First, Second and Third Counterclaims on the grounds that: (1) VidAngel failed to plead a plausible Sherman Act § 1 claim based on any alleged vertical or horizontal conspiracy (First Counterclaim); (2) VidAngel failed to plead a claim for intentional interference with prospective economic advantage (Second Counterclaim); and (3) VidAngel failed to plead a claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Third Counterclaim).  (Court's August 10, 2017 Order, Dkt. No. 199 at 1-2).  On, August 10, 2017 the Court granted Plaintiffs' motion, dismissing each of VidAngel's counterclaims with prejudice.  VidAngel filed the instant motion on August 31, 2017.

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

In determining whether to enter an appealable final judgment pursuant to Rule 54(b) a court must conduct a two-part inquiry.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980).  First, the judgment must be final with respect to one or more claims.  *Id.*  Second, "the district court must go on to determine whether there is any just reason for delay."  *Id*. at 8.  The Supreme Court has made clear that "[n]ot all final judgments on

individual claims should be immediately appealable." *Id*. For this reason, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*

### III. DISCUSSION

There is no dispute that the Court's dismissal of VidAngel's counterclaims constitutes a final judgment. A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945). The Court dismissed VidAngel's First, Second and Third counterclaims with prejudice. This constitutes "an ultimate disposition of [] individual claim[s] entered in the course of a multiple claims litigation." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 466 U.S. at 7). Thus, the Court's decision constituted a final judgment.

Rule 54(b) also requires a court to make an express finding that there is no "just reason for delay" in entering a judgment as to less than all claims. In evaluating whether there are just reasons to delay, a court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Among the factors to be considered in assessing judicial administrative interests are: whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; whether review of these adjudicated claims would be mooted by any future developments in the case; and whether the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id*. at 5.

VidAngel's First, Second and Third Counterclaims are both factually and legally separable from the remaining claims and counterclaims at issue in the case. Plaintiff's claims arise under § 106 of the Copyright Act, 17 U.S.C. § 106, and § 1201(a) of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a), and involve factual allegations that VidAngel violated Plaintiff's rights by copying and publically displaying Plaintiff's copyrighted works without a license. (*See* Complaint, Dkt. No. 1, ¶¶ 1-4). VidAngel's counterclaims do not arise under copyright law, nor is there any factual overlap with Plaintiff's claims. VidAngel's First Counterclaim alleges that Plaintiffs violated section 1 of the Sherman Act, 15 U.S.C. § 1, by entering into horizontal and vertical agreements in an effort to prohibit secondary editing or filtering of motion pictures. (FACC at ¶¶ 88-90). VidAngel's Second Counterclaim alleges that Plaintiffs intentionally interfered with VidAngel's prospective economic advantage by inducing VidAngel's actual and prospective partners not to enter into contractual relationships with VidAngel. (*Id*. at ¶¶

104-05).  VidAngel's Third Counterclaim largely relies on the allegations relevant to VidAngel's antitrust claim (First Counterclaim), asserting that Plaintiffs alleged actions constitute "unfair" and "unlawful" conduct pursuant to California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*  VidAngel does not seek the entry of final judgment for the remainder of its counterclaims, all of which seek declaratory relief with regard to the legality of VidAngel's technology under copyright law and the Family Movie Act, codified at 17 U.S.C. § 110(11).  Because Plaintiffs' claims are factually and legally distinct from the counterclaims at issue, review of the counterclaims would not be mooted by any future developments in this case.  Moreover, while it is possible that a subsequent appeal could be taken, it would occur after summary judgment or trial and, thus, would not present the same pleading issues.  Based on the foregoing, the Court finds that all of the factors identified in *Curtiss-Wright* regarding judicial administrative interests are met in the instant matter.

VidAngel contends that their resources have been considerably drained by the litigation and requiring them to wait for an appeal of the dismissal of their counterclaims would be severely prejudicial.  This case is set for trial in approximately eight months, thus VidAngel would experience a considerable delay in appealing the Court's denial of its counterclaims if the Court denies their request for entry of final judgment.  Plaintiffs contend that they would be prejudiced by the entry of final judgment because they would be required to litigate simultaneously in three courts.  (Oppo at 4-5).  The Court is aware of VidAngel's declaratory judgment action in the District of Utah.  While Plaintiffs clearly have a vested interest in that litigation, none of the Plaintiffs are named as Defendants in that action, therefore the Court does not consider this factor for the purpose of weighing the equities in the instant matter.  The Ninth Circuit holds that district courts have substantial discretion when weighing equitable factors such as prejudice and delay. *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).  Although the prospect of waiting over eight months for an appeal is not unduly burdensome, it does tip the equities slightly in favor of VidAngel.  Moreover, as mentioned above, all of the *Curtiss-Wright* factors regarding judicial administrative interests are met in the instant matter.  Considering these factors in conjunction with the equity considerations, the Court finds that there is no just reason for delay, and therefore grants VidAngel's motion for the entry of final judgment pursuant to Rule 54(b).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for the Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

## V. JUDGMENT

For the reasons stated in the accompanying order granting VidAngel's Motion for Entry of Final Judgment pursuant to FRCP 54(b), Judgment is hereby entered in favor of Plaintiffs and against Defendant VidAngel.  With respect to the Court's August 10, 2017 Order, (Dkt. No. 199) the Clerk shall enter partial final judgment dismissing VidAngel's First, Second and Third Counterclaims.

**IT IS SO ORDERED.**