1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

13

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS. ENTERTAINMENT INC.; MVL FILM FINANCE LLC; NEW LINE PRODUCTIONS, INC.; and TURNER ENTERTAINMENT CO., | Case No. 16-cv-04109-AB (PLAx) **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** Judge: Hon. André Birotte Jr. Date: January 18, 2019 Time: 10:00 a.m. Crtrm.: 7B |
| Plaintiffs, | |
| vs. | |
| VIDANGEL, INC., | |
| Defendant. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon consideration of the briefs, arguments, and evidence in support of and opposition to the Motion of Plaintiffs Disney Enterprises, Inc., Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, and Warner Bros. Entertainment Inc. for Partial Summary Judgment ("Motion"); the Court HEREBY FINDS AND ORDERS as follows:

## MATERIAL FACTS

1. Plaintiffs have valid copyright registrations, registered within five years of first publication, for each of the seven representative works at issue in the Motion. Declaration of Kelly M. Klaus in Support of Plaintiffs' Motion for Preliminary Injunction ("Klaus Decl. ISO PI") Exs. E (Dkt. 31-5) (*Frozen*), V (Dkt. 31-22) (*Star Wars: The Force Awakens*), BB (Dkt. 31-28) (*Ice Age*), and LL (Dkt. 31-39) (*Harry Potter and the Sorcerer's Stone*).

2. Plaintiffs have not authorized VidAngel to copy or stream (or otherwise exploit) their Copyrighted Works or to bypass or remove (or otherwise circumvent) the technological protection measures ("TPMs") that control access to their copyrighted works on DVDs or Blu-ray discs ("Discs"). Declaration of Tedd Cittadine in Support of Plaintiffs' Motion for Preliminary Injunction ("Cittadine Decl. ISO PI") (Dkt. 28) ¶ 4; Declaration of Robert Schumann in Support of Plaintiffs' Motion for Preliminary Injunction ("Schumann Decl. ISO PI") (Dkt. 29, filed under seal) ¶ 13; Complaint (Dkt. 1) ¶¶ 1, 3.

3. VidAngel admits that it has offered each of the titles at issue in this Motion on its service. Declaration of Rose Leda Ehler in Support of Plaintiffs' Motion for Preliminary Injunction ("Ehler Decl. ISO PI") (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 28:3-22; VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 48.

4. Plaintiffs use CSS, AACS and BD+ to control access to their copyrighted works on Discs. Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 20, 27.

-1-

5.      CSS, AACS and BD+ are TPMs that control access to copyrighted works on Discs.  Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 20-34; *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 853 (9th Cir. 2017).

6.      VidAngel circumvents Plaintiffs' TPMs by using "a commercially available software program to automatically allow read-access for the purpose of mounting the DVD [and Blu-ray] files for uploading onto a computer, in the process removing restrictions on DVD [and Blu-ray] encryption."  VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 120(b).

7.      VidAngel copies the underlying digital files onto its computers and then saves additional copies on servers located around the country (to facilitate smoother streaming).  Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 40-42; Ehler Decl. ISO PI") (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 58:1-4; 95:4-11; 127:6-20.

8.      VidAngel uses the "master" ripped digital copies stored on servers to stream content to VidAngel's users.  Ehler Decl. ISO PI (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 90:18-22; 95:4-11; 130:20-131:17.

9.      VidAngel's CEO has stated that its purpose is to bring "popular movies and shows" to viewers who may, as he does for his family, want to watch that movie without certain "objectionable" content.  Declaration of Neal Harmon in Support of VidAngel's Opposition to Motion for Preliminary Injunction ("Harmon Decl. ISO Opp.") (Dkt. 41-3) at ¶¶ 2-7.

10.     VidAngel's service is commercial.  VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 41 ("VidAngel admits VidAngel sells copyrighted content").

11.     VidAngel's survey showed that 49% of its users would have watched the same movie without a filter.  Declaration of Allyson Bennett in Support of Plaintiffs' Motion for Preliminary Injunction ("Bennett Decl. ISO PI") (Dkt. 91) at Ex. E.

-2-

**CONCLUSIONS OF LAW**

1.      Summary judgment should be granted upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2.      The "law-of-the-case doctrine . . . can apply even when the issue arises from a preliminary-injunction ruling, particularly where legal conclusions have been made and no new evidence has been adduced."  *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 989 F. Supp. 2d 981, 989 (C.D. Cal. 2013) (citing *Reed v. Town of Gilbert, Ariz.*, 707 F.3d 1057, 1067 (9th Cir. 2013)); *see also Chinatown Neighborhood Association v. Harris*, 33 F. Supp. 3d 1085, 1094 (N.D. Cal. 2014) (citing *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007)).

3.      To prevail on their circumvention claim, Plaintiffs must prove that (1) they employ "technological measure[s] that effectively control[] access to a work protected" by copyright; and (2) VidAngel "circumvent[s]" those measures.  17 U.S.C. § 1201(a)(1)(A).

4.      A technological measure effectively controls access to a copyrighted work if, "in the ordinary course of its operation, [it] requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work."  17 U.S.C. § 1201(a)(3)(B).

5.      To circumvent is "to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."  17 U.S.C. § 1201(a)(3)(A).

6.      The protection measures Plaintiffs use—CSS, AACS and BD+—"are encryption access controls" under the DMCA.  *Disney Enters.*, 869 F.3d at 863.

-3-

7.     VidAngel circumvents Plaintiffs' access controls by "'us[ing]  software to decrypt'" those controls and is therefore liable under § 1201(a)(1)(A).  *Disney Enters.*, 869 F.3d at 863 (citing *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2011) and *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 444 (2d Cir. 2001)).

8.     To establish a claim for copyright infringement, Plaintiffs must show (1) that they own or have exclusive rights with respect to a copyrighted work and (2) a violation of "at least one exclusive right" of a copyright owner under § 106.  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

9.     Certificates of registration issued by the Copyright Office create a presumption of copyright validity and ownership.  17 U.S.C. § 410(c).

10.     Copyright registrations "are self-authenticating under Rule 902 of the Federal Rules of Evidence."  *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV-14-09224-AB (MRWx), 2016 WL 7638113, at *1, n.2 (C.D. Cal. 2016); *see also Siegel v. Warner Bros. Entm't Inc.*, 542 F. Supp. 2d 1098, 1121 (C.D. Cal. Feb. 2, 2008).

11.     Plaintiffs have the exclusive right "to reproduce" their works "in copies."  17 U.S.C. § 106(1).

12.     VidAngel's copying of Plaintiffs' works from Discs onto computers or computer servers infringes Plaintiffs' reproduction right.  *Disney Enters.*, 869 F.3d at 857 (citing *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) ("transferring digital files 'from a permanent storage device to a computer's RAM' is 'copying' under § 106")).

13.     Plaintiffs have the exclusive right "to perform the copyrighted work publicly."  17 U.S.C. § 106(4).

14.     VidAngel's streaming is a public performance because VidAngel "transmit[s]" "performance[s]" "of the work[s]" to members of "the public."  17 U.S.C. § 101 (definition of public performance and "to transmit"); *Am. Broad. Cos. v. Aereo, Inc.*, 134 S. Ct. 2498 (2014); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824

-4-

1  F. Supp. 2d 1003, 1006-07, 1010 (C.D. Cal. 2011); *On Command Video Corp. v.*
2  *Columbia Pictures Indus.*, 777 F. Supp. 787 (N.D. Cal. 1991).

3       15.    Plaintiffs need only demonstrate that VidAngel violates one exclusive
4  right, either reproduction or public performance.  *Disney Enters.*, 869 F.3d at n.13.

5       16.    Where there are no disputed issues of material fact, the validity of a
6  defendant's fair use defense may be resolved on summary judgment.  *Worldwide*
7  *Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1115 (deciding
8  question of fair use on summary judgment because there were not issues of material
9  fact); *see also Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991) (the
10  "mere fact that a determination of the fair use question requires an examination of
11  the specific facts of each case does not necessarily mean that in each case involving
12  fair use there are factual issues to be tried"); *Clean Flicks of Colo., LLC v.*
13  *Soderbergh*, 433 F. Supp. 2d 1236, 1237 (D. Colo. 2006) (granting "partial
14  summary judgment" on liability for copyright infringement claims and rejecting fair
15  use defense); *UMG Recordings, Inc. v. MP3.Com, Inc*., 92 F. Supp. 2d 349, 353
16  (S.D.N.Y. 2000) (same).

17       17.    VidAngel makes commercial use of Plaintiffs' works, and that use is
18  presumptively unfair.  *Disney Enters.*, 869 F.3d at 861 (citing *Leadsinger, Inc. v.*
19  *BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008)).

20       18.    VidAngel's use of Plaintiffs' works is for the inherent "entertainment
21  purposes" of those works.  *Disney Enters.*, 869 F.3d at 861 (citing *Kelly v. Arriba*
22  *Soft Corp.*, 336 F.3d 811, 819 (9th Cir. 2003)).

23       19.    "Although removing objectionable content may permit a viewer to
24  enjoy a film," the use is not transformative because it "does not necessarily 'add[]
25  something new' or change the 'expression, meaning, or message' of the film."
26  *Disney Enters.*, 869 F.3d at 861 (citing *Campbell v. Acuff-Rose Music, Inc.*, 510
27  U.S. 569, 579 (1994)).

28

-5-

20.     A simple abridgement is not transformative, and is not protected by fair use. *Penguin Random House LLC v. Colting*, No. 17-CV-386 (JSR), 2017 WL 3977000 at *8-9 (S.D.N.Y. Sept. 7, 2017).

21.     VidAngel removes objectionable content, but this is not transformative. *Disney Enters.*, 869 F.3d at 861; *see also Clean Flicks of Colo.*, 433 F. Supp. 2d at 1241; *Penguin Random House*, LLC, 2017 WL 3977000 at *9 ("the mere removal of adult themes does not meaningfully 'recast' the work any more than an airline's editing of R-rated films so that they can be shown to children on a flight absolve the airline from paying a royalty.")

22.     The second fair use factor—"the nature of the copyrighted work"— weighs against finding fair use for VidAngel. *Disney Enters.*, 869 F.3d at 860.

23.     Plaintiffs' movies and television shows are "squarely within the core of copyright protection." *Elvis Presley Enters. v. Passport Video*, 349 F.3d 622, 629 (9th Cir. 2003).

24.     The third fair use factor—"'the amount and substantiality of the portion used in relation  to the copyrighted work as a whole'—weigh[s] against finding fair use" for VidAngel. *Disney Enters.*, 869 F.3d at 860; PI Order at 13-15 (citing *Campbell*, 510 U.S. at 586; *Elvis Presley Enters.*, 349 F.3d at 630; *L.A. News Serv. v. Tullo*, 973 F.2d 791, 798 (9th Cir. 1992); *Arista Records LLC v. Myxer Inc.*, 2011 U.S. Dist. LEXIS 109668 (C.D. Cal. Apr. 1, 2011)).

25.     The fourth factor (market harm) asks, if the challenged use becomes "unrestricted and widespread," would it "result in a substantially adverse impact on the potential market for the original." *Disney Enters.*, 869 F.3d at 861 (quoting *Campbell*, 510 U.S. at 590).

26.     VidAngel's use is commercial and non-transformative and therefore "the likelihood of market harm 'may be presumed.'" *Leadsinger*, 512 F.3d at 531 (citing *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 451 (1984)); *see also Disney Enters.*, 869 F.3d at 861.

-6-

27.     If VidAngel's use has a neutral impact on market harm, VidAngel's fair use defense fails because the other three fair use factors all weigh against the defense. *Disney Enters.*, 869 F.3d at 861-62 (citing *Leadsinger*, 512 F.3d at 532) (where defendant clearly loses on first three factors, the "market factor is less important"); *Worldwide Church of God*, 227 F.3d at 1120 (when "[t]he first three factors weigh in [plaintiff's] favor and the fourth factor is, at worst, neutral" then "[o]n balance, the defense of fair use . . . fails."); *Morris v. Guetta*, No. LA CV12-00684 JAK, 2013 WL 440127, at *12-13 (C.D. Cal. 2013) ("any dispute over the market effect is immaterial because a lack of harm would not change the determination of an unjustified use under the first factor").

28.     Even if VidAngel could show that its copying and streaming of Plaintiffs' works has a positive impact on markets for Plaintiffs' works, e.g., by increasing the sales of Plaintiffs' Discs, that fact would "not excuse [VidAngel's] infringement." *Disney Enters.*, 869 F.3d at 861 (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1017 (9th Cir. 2001) ("Any allegedly positive impact of defendant's activities on plaintiffs' prior market in no way frees defendant to usurp a further market that directly derives from reproduction of the plaintiffs' copyrighted works")); *see also UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000) (same).

29.     The FMA requires that the "filtering [be] 'from an authorized copy of the motion picture'" and does not excuse VidAngel's circumvention or copying. *Disney Enters.*, 869 F.3d at 857-59; 17 U.S.C. § 110(11).

30.     VidAngel streams from an unauthorized copy, and therefore is not protected by the FMA. *Disney Enters.*, 869 F.3d at 860.

31.     VidAngel has abandoned any argument under the First Sale Doctrine, and even if it has not, the argument fails on the merits. *Disney Enters.*, 869 F.3d at n.7; *id.* at 14 (citing 17 U.S.C. § 109(a)).

32.     VidAngel cannot succeed on its copyright misuse defense because that defense has no merit as a matter of law and the Court has stricken it.  Order Granting Pls.' Mot. to Dismiss (Dkt. 199) at 19 (citing *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1337 (9th Cir. 1995); *Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516 (9th Cir. 1997)).

## JUDGEMENT

Plaintiffs are entitled to a judgment of liability on each of their claims for relief with respect to any copyrighted work as to which (a) Plaintiffs own or control the exclusive rights to the copyright, and (b) VidAngel removed the TPMs on Discs containing the work and thereafter copied and/or streamed.  In their Motion, Plaintiffs made the requisite showing as to four works:  *Frozen* (2013); *Star Wars: The Force Awakens* (2015); *Ice Age* (2002); and *Harry Potter and the Sorcerer's Stone* (2001).  Plaintiffs may establish the identity of the remaining works as to which VidAngel is liable by way of stipulation or, if necessary, pretrial motion or at trial.  The amount of damages to which Plaintiffs are entitled remains an issue for trial.

IT IS SO ORDERED.

DATED:  _____

_____
The Honorable André Birotte Jr.
United States District Judge