GLENN D. POMERANTZ (SBN 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
ROSE LEDA EHLER (SBN 296523)
rose.ehler@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION WARNER BROS. ENTERTAINMENT INC. ; MVL FILM FINANCE LLC; NEW LINE PRODUCTIONS, INC.; and TURNER ENTERTAINMENT CO., <br><br> Plaintiffs, <br><br> vs. <br><br> VIDANGEL, INC., <br><br> Defendant. | Case No. 16-cv-04109-AB (PLAx) <br><br> **PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Judge: Hon. André Birotte Jr. <br><br> Date:  January 18, 2019 <br> Time:  10:00 a.m. <br> Crtrm.: 7B |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Central District Local Rule 56-1, Plaintiffs Disney Enterprises, Inc., Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") submit this proposed Statement of Uncontroverted Facts and Conclusions of Law in support of their concurrently filed Motion for Partial Summary Judgment on Liability.[1]

Any statement of Uncontroverted Fact that is a Conclusion of Law should be so deemed, and any Conclusion of Law that is an Uncontroverted Fact should be so.

## UNCONTROVERTED FACTS

| Uncontroverted Material Fact | Supporting Evidence |
|---|---|
| 1. Plaintiffs have valid copyright registrations, registered within five years of first publication, for each of the four representative works at issue in the Motion. | Declaration of Kelly M. Klaus in Support of Plaintiffs' Motion for Preliminary Injunction ("Klaus Decl. ISO PI") Exs. E (Dkt. 31-5) (*Frozen*), V (Dkt. 31-22) (*Star Wars: The Force Awakens*), BB (Dkt. 31-28) (*Ice Age*), and LL (Dkt. 31-39) (*Harry Potter and the Sorcerer's Stone*). |
| 2. Plaintiffs have not authorized VidAngel to copy or stream (or otherwise exploit) their Copyrighted Works or to bypass or remove (or otherwise circumvent) the technological protection measures ("TPMs") that control access to their copyrighted works on DVDs or Blu-ray discs ("Discs"). | Declaration of Tedd Cittadine in Support of Plaintiffs' Motion for Preliminary Injunction ("Cittadine Decl. ISO PI") (Dkt. 28) ¶ 4; Declaration of Robert Schumann in Support of Plaintiffs' Motion for Preliminary Injunction ("Schumann Decl. ISO PI") (Dkt. 29, filed under seal) ¶ 13; Complaint (Dkt. 1) ¶¶ 1, 3. |

---

[1] The exhibits in support of the motion were previously filed in this case. Plaintiffs have not re-filed the exhibits on ECF because some of them are voluminous and include additional material not cited in the instant motion. Plaintiffs are providing the Court and VidAngel with a set of courtesy binders that include the ECF copies of the cited materials.

| Uncontroverted Material Fact | Supporting Evidence |
|---|---|
| 3. VidAngel admits that it has offered each of the titles at issue in this Motion on its service. | Declaration of Rose Leda Ehler in Support of Plaintiffs' Motion for Preliminary Injunction ("Ehler Decl. ISO PI") (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 28:3-22; VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 48. |
| 4. Plaintiffs use CSS, AACS and BD+ to control access to their copyrighted works on Discs. | Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 20, 27. |
| 5. CSS, AACS and BD+ are TPMs that control access to copyrighted works on Discs. | Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 20-34; Ninth Cir. Op. at 6.[2] |
| 6. VidAngel circumvents Plaintiffs' TPMs by using "a commercially available software program to automatically allow read-access for the purpose of mounting the DVD [and Blu-ray] files for uploading onto a computer, in the process removing restrictions on DVD [and Blu-ray] encryption." | VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 120(b). |
| 7. VidAngel copies the underlying digital files onto its computers and then saves additional copies on servers located around the country (to facilitate smoother streaming). | Schumann Decl. ISO PI (Dkt. 29, filed under seal) ¶¶ 40-42; Ehler Decl. ISO PI") (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 58:1-4; 95:4-11; 127:6-20. |
| 8. VidAngel uses the "master" ripped digital copies stored on servers to stream content to VidAngel's users. | Ehler Decl. ISO PI (Dkt. 30, filed under seal) Ex. EE at Harmon Dep. Tr. 90:18-22; 95:4-11; 130:20-131:17. |

---

[2] The Ninth Circuit's opinion is reported at *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017).

| **Uncontroverted Material Fact** | **Supporting Evidence** |
|---|---|
| 9. VidAngel's CEO has stated that its purpose is to bring "popular movies and shows" to viewers who may, as he does for his family, want to watch that movie without certain "objectionable" content. | Declaration of Neal Harmon in Support of VidAngel's Opposition to Motion for Preliminary Injunction ("Harmon Decl. ISO Opp.") (Dkt. 41-3) at ¶¶ 2-7. |
| 10. VidAngel's service is commercial. | VidAngel, Inc.'s First Amended Answer (Dkt. 77) ¶ 41 ("VidAngel admits VidAngel sells copyrighted content"). |
| 11. VidAngel's survey showed that 49% of its users would have watched the same movie without a filter. | Declaration of Allyson Bennett in Support of Plaintiffs' Motion for Preliminary Injunction ("Bennett Decl. ISO PI") (Dkt. 91) at Ex. E. |

# CONCLUSIONS OF LAW

| | Conclusion of Law | Authority |
|---|---|---|
| | **Standard** | |
| 1. | Summary judgment should be granted upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." | Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). |
| 2. | The "law-of-the-case doctrine . . . can apply even when the issue arises from a preliminary-injunction ruling, particularly where legal conclusions have been made and no new evidence has been adduced." | *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 989 F. Supp. 2d 981, 989 (C.D. Cal. 2013) (citing *Reed v. Town of Gilbert, Ariz.*, 707 F.3d 1057, 1067 (9th Cir. 2013)); *see also Chinatown Neighborhood Association v. Harris*, 33 F. Supp. 3d 1085, 1094 (N.D. Cal. 2014) (citing *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007)). |
| | **DMCA, Anti-Circumvention Claim § 1201(a)** | |
| 3. | To prevail on their circumvention claim, Plaintiffs must prove that (1) they employ "technological measure[s] that effectively control[] access to a work protected" by copyright; and (2) VidAngel "circumvent[s]" those measures. | 17 U.S.C. § 1201(a)(1)(A). |
| 4. | A technological measure effectively controls access to a copyrighted work if, "in the ordinary course of its operation, [it] requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." | 17 U.S.C. § 1201(a)(3)(B). |
| 5. | To circumvent is "to descramble | 17 U.S.C. § 1201(a)(3)(A). |

| Conclusion of Law | Authority |
|---|---|
| a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." | |
| 6. The protection measures Plaintiffs use—CSS, AACS and BD+—"are encryption access controls" under the DMCA. | Ninth Cir. Op. at 26. |
| 7. VidAngel circumvents Plaintiffs' access controls by "'us[ing] software to decrypt'" those controls and is therefore liable under § 1201(a)(1)(A). | Ninth Cir. Op. at 26-27 (citing *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2011) and *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 444 (2d Cir. 2001)). |
| **Copyright Infringement Claims § 106(1), (4)** | |
| 8. To establish a claim for copyright infringement, Plaintiffs must show (1) that they own or have exclusive rights with respect to a copyrighted work and (2) a violation of "at least one exclusive right" of a copyright owner under § 106. | *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). |
| 9. Certificates of registration issued by the Copyright Office create a presumption of copyright validity and ownership. | 17 U.S.C. § 410(c). |
| 10. Copyright registrations "are self-authenticating under Rule 902 of the Federal Rules of Evidence." | *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV-14-09224-AB (MRWx), 2016 WL 7638113, at *1, n.2 (C.D. Cal. 2016); *see also Siegel v. Warner Bros. Entm't Inc.*, 542 F. Supp. 2d 1098, 1121 (C.D. Cal. Feb. 2, 2008). |

| | Conclusion of Law | Authority |
|---|---|---|
| 11. | Plaintiffs have the exclusive right "to reproduce" their works "in copies." | 17 U.S.C. § 106(1). |
| 12. | VidAngel's copying of Plaintiffs' works from Discs onto computers or computer servers infringes Plaintiffs' reproduction right. | Ninth Cir. Op. at 13-14 (citing *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) ("transferring digital files 'from a permanent storage device to a computer's RAM' is 'copying' under § 106")). |
| 13. | Plaintiffs have the exclusive right "to perform the copyrighted work publicly." | 17 U.S.C. § 106(4). |
| 14. | VidAngel's streaming is a public performance because VidAngel "transmit[s]" "performance[s]" "of the work[s]" to members of "the public." | 17 U.S.C. § 101 (definition of public performance and "to transmit"); *Am. Broad. Cos. v. Aereo, Inc.*, 134 S. Ct. 2498 (2014); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1006-07, 1010 (C.D. Cal. 2011); *On Command Video Corp. v. Columbia Pictures Indus.*, 777 F. Supp. 787 (N.D. Cal. 1991). |
| 15. | Plaintiffs need only demonstrate that VidAngel violates one exclusive right, either reproduction *or* public performance. | Ninth Cir. Op. at 25 n.13. |

| **Fair Use Defense** ||  |
|---|---|---|
| 16. | Where there are no disputed issues of material fact, the validity of a defendant's fair use defense may be resolved on summary judgment. | *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1115 (deciding question of fair use on summary judgment because there were not issues of material fact); *see also Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991) (the "mere fact that a determination of the fair use question requires an examination of the specific facts of each case does not necessarily mean that in each case involving fair use there are factual issues to be tried"); *Clean Flicks of Colo., LLC v. Soderbergh*, 433 F. Supp. 2d 1236, 1237 (D. Colo. 2006) (granting "partial summary judgment" on liability for copyright infringement claims and rejecting fair use defense); *UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 353 (S.D.N.Y. 2000) (same). |
| 17. | VidAngel makes commercial use of Plaintiffs' works, and that use is presumptively unfair. | Ninth Cir. Op. at 22 (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008)). |
| 18. | VidAngel's use of Plaintiffs' works is for the inherent "entertainment purposes" of those works. | Ninth Cir. Op. at 22 (citing *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 819 (9th Cir. 2003)). |
| 19. | "Although removing objectionable content may permit a viewer to enjoy a film," the use is not transformative because it "does not necessarily 'add[] something new' or change the 'expression, meaning, or message' of the film." | Ninth Cir. Op. at 22 (citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994)). |

| | | |
|---|---|---|
| 20. | A simple abridgement is not transformative, and is not protected by fair use. | *Penguin Random House LLC v. Colting*, No. 17-CV-386 (JSR), 2017 WL 3977000 at *8-9 (S.D.N.Y. Sept. 7, 2017). |
| 21. | VidAngel removes objectionable content, but this is not transformative. | Ninth Cir. Op. at 22; *see also Clean Flicks of Colo.*, 433 F. Supp. 2d at 1241; *Penguin Random House*, LLC, 2017 WL 3977000 at *9 ("the mere removal of adult themes does not meaningfully 'recast' the work any more than an airline's editing of R-rated films so that they can be shown to children on a flight absolve the airline from paying a royalty.") |
| 22. | The second fair use factor—"the nature of the copyrighted work"—weighs against finding fair use for VidAngel. | Ninth Cir. Op. at 21-22. |
| 23. | Plaintiffs' movies and television shows are "squarely within the core of copyright protection." | *Elvis Presley Enters. v. Passport Video*, 349 F.3d 622, 629 (9th Cir. 2003). |
| 24. | The third fair use factor—"'the amount and substantiality of the portion used in relation to the copyrighted work as a whole'—weigh[s] against finding fair use" for VidAngel. | Ninth Cir. Op. at 21-22; PI Order at 13-15 (citing *Campbell*, 510 U.S. at 586; *Elvis Presley Enters.*, 349 F.3d at 630; *L.A. News Serv. v. Tullo*, 973 F.2d 791, 798 (9th Cir. 1992); *Arista Records LLC v. Myxer Inc.*, 2011 U.S. Dist. LEXIS 109668 (C.D. Cal. Apr. 1, 2011)). |
| 25. | The fourth factor (market harm) asks, if the challenged use becomes "unrestricted and widespread," would it "result in a substantially adverse impact on the potential market for the original." | Ninth Cir. Op. at 23 (quoting *Campbell*, 510 U.S. at 590). |

| | | |
|---|---|---|
| 26. | VidAngel's use is commercial and non-transformative and therefore "the likelihood of market harm 'may be presumed.'" | *Leadsinger*, 512 F.3d at 531 (citing *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 451 (1984)); *see also* Ninth Cir. Op. at 23. |
| 27. | If VidAngel's use has a neutral impact on market harm, VidAngel's fair use defense fails because the other three fair use factors all weigh against the defense. | Ninth Cir. Op. at 24 (citing *Leadsinger*, 512 F.3d at 532) (where defendant clearly loses on first three factors, the "market factor is less important"); *Worldwide Church of God*, 227 F.3d at 1120 (when "[t]he first three factors weigh in [plaintiff's] favor and the fourth factor is, at worst, neutral" then "[o]n balance, the defense of fair use . . . fails."); *Morris v. Guetta*, No. LA CV12-00684 JAK, 2013 WL 440127, at *12-13 (C.D. Cal. 2013) ("any dispute over the market effect is immaterial because a lack of harm would not change the determination of an unjustified use under the first factor"). |
| 28. | Even if VidAngel could show that its copying and streaming of Plaintiffs' works has a positive impact on markets for Plaintiffs' works, e.g., by increasing the sales of Plaintiffs' Discs, that fact would "not excuse [VidAngel's] infringement." | Ninth Cir. Op. at 23 (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1017 (9th Cir. 2001) ("Any allegedly positive impact of defendant's activities on plaintiffs' prior market in no way frees defendant to usurp a further market that directly derives from reproduction of the plaintiffs' copyrighted works")); *see also UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000) (same). |
| **VidAngel's Other Defense** | | |
| 29. | The FMA requires that the "filtering [be] 'from an authorized copy of the motion picture'" and does not excuse VidAngel's circumvention or copying. | Ninth Cir. Op. at 18; 17 U.S.C. § 110(11). |

| | | |
|---|---|---|
| 30. | VidAngel streams from an *unauthorized* copy, and therefore is not protected by the FMA. | Ninth Cir. Op. at 16. |
| 31. | VidAngel has abandoned any argument under the First Sale Doctrine, and even if it has not, the argument fails on the merits. | Ninth Cir. Op. at 14 n.7; *id.* at 14 (citing 17 U.S.C. § 109(a)). |
| 32. | VidAngel cannot succeed on its copyright misuse defense because that defense has no merit as a matter of law and the Court has stricken it. | Order Granting Pls.' Mot. to Dismiss (Dkt. 199) at 19 (citing *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1337 (9th Cir. 1995); *Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516 (9th Cir. 1997)). |

DATED:  December 14, 2018          MUNGER, TOLLES & OLSON LLP



By:   /s/ *Kelly M. Klaus*
         KELLY M. KLAUS
         Attorney for Plaintiffs