1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

6/17/2019

CENTRAL DISTRICT OF CALIFORNIA
BY:_____CB_____DEPUTY

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

DISNEY ENTERPRISES, INC., et al.,

Plaintiffs,

v.

VIDANGEL, INC.,

Defendant.

Case No. 2:16-cv-04109-AB (PLAx)

**CLOSING JURY INSTRUCTIONS**

17
18
19

The following are the Court's jury instructions to guide your consideration of the evidence in this case.

20
21
22

Dated:  June 17, 2019

23

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

24
25
26
27
28

1.

# CLOSING JURY INSTRUCTION NO. 1

## DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### CLOSING JURY INSTRUCTION NO. 2
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### CLOSING JURY INSTRUCTION NO. 3
### STATEMENT OF THE CASE

Plaintiffs are Disney Enterprises, Inc. ("Disney"), Lucasfilm Ltd. LLC ("Lucasfilm"), Twentieth Century Fox Film Corporation ("Fox"), Warner Brothers Entertainment Inc. ("Warner Brothers"), MVL Film Finance LLC ("Marvel"), New Line Productions, Inc. ("New Line") and Turner Entertainment Co. ("Turner"). They own copyrights to popular movies and TV shows.

The Defendant is VidAngel, Inc. ("VidAngel"). VidAngel operates an online streaming service that allows customers to stream motion pictures and TV shows while "filtering" them, which means skipping and/or muting limited portions of the video and/or audio content selected by the customer.

Plaintiffs sued VidAngel for copyright infringement and for violating a statute called the Digital Millenium Copyright Act (the "DMCA"). Plaintiffs alleged that VidAngel's conduct in providing filtered streams of Plaintiffs' movies and TV shows violated their copyrights in the movies and TV shows, and violated the DMCA. VidAngel argued that its acts were permitted by the Family Movie Act of 2005, and were protected under a concept known as fair use.

Prior to this trial, I considered the legal arguments made by both sides. I found that to provide its streaming service, VidAngel copied and publicly performed Plaintiffs' movies and shows, and thus committed copyright infringement. I also found that VidAngel bypassed the security measures on DVDs—conduct called "circumvention," which violates the DMCA.

Because I found that VidAngel has violated Plaintiffs' rights, the law requires

VidAngel to pay Plaintiffs money damages. I did not determine the amount of damages. That is your job in this trial. You are not to consider whether VidAngel violated Plaintiffs' rights; that has already been established.

The law sets a range of damages for these violations. You will determine the amounts within those ranges that VidAngel will have to pay for each copyright it infringed and each DMCA violation. I will soon instruct you on the range of statutory damages and the factors you may consider in reaching your decision.

## CLOSING JURY INSTRUCTION NO. 4

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## CLOSING JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

# CLOSING JURY INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 7

### EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## <u>CLOSING JURY INSTRUCTION NO. 8</u>
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

# CLOSING JURY INSTRUCTION NO. 9

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit cannot be received.  Whenever I sustained an objection to a question, you were ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

# CLOSING JURY INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# CLOSING JURY INSTRUCTION NO. 11

## EXPERT OPINION

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all the other evidence in the case.

## CLOSING JURY INSTRUCTION NO. 12

## VIDEO CLIPS SHOWN FOR PURPOSE, CONDUCT, AND STATE OF MIND, NOT FOR THE TRUTH OF STATEMENTS THEREIN

You were shown several video clips created by VidAngel and played by VidAngel. You may consider these video clips only for a limited purpose: as evidence of VidAngel's purpose, conduct, and state of mind. You may not consider these video clips for the truth of the statements therein.

## CLOSING JURY INSTRUCTION NO. 13

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## CLOSING JURY INSTRUCTION NO. 14

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>CLOSING JURY INSTRUCTION NO. 15</u>

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify

## <u>CLOSING JURY INSTRUCTION NO. 16</u>

### NO TRANSCRIPT AVAILABLE TO THE JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

1

## CLOSING JURY INSTRUCTION NO. 17

2

### TRIAL NOTES

3

4      Some of you took notes during trial. You may take your notes with you into the

5  jury room for deliberations. Whether or not you took notes, you should rely on your

6  own memory of the evidence. Notes are only to assist your memory. You should not

7  be overly influenced by your notes or those of your fellow jurors.

8

9      When you leave, your notes should be left in the jury room. No one will read

10  your notes. They will be destroyed at the conclusion of the case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CLOSING JURY INSTRUCTION NO. 18

## STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT

You must determine the Plaintiffs' damages for copyright infringement. The Plaintiffs seek a statutory damage award, established by Congress, for each work infringed.  The purpose of the statutory damage award is not only to compensate Plaintiffs for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The range of statutory damages depends on the type of infringement.

For non-willful infringement of a work, you must award between $750 and $30,000 per work infringed.

For willful infringement of a work, you must award between $750 and $150,000 per work infringed.

## CLOSING JURY INSTRUCTION NO. 19

### WILLFULNESS

Plaintiffs contend that VidAngel's infringement was willful. An infringement is considered willful when the plaintiff proves by a preponderance of the evidence that the defendant knew its acts infringed plaintiff's copyrights, or acted with reckless disregard for, or willful blindness to, the plaintiff's rights. An infringement is not considered willful when the defendant shows it had a good faith belief in the innocence of its conduct, and it was reasonable to hold such a belief.

In deciding whether VidAngel willfully infringed, you should consider all of the facts surrounding the infringement, including whether VidAngel's reliance on advice of counsel was reasonable and in good faith.

## CLOSING JURY INSTRUCTION NO. 20

### STATUTORY DAMAGES FACTORS

As stated above, the purpose of statutory damages is not only to compensate the plaintiff for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

You have wide discretion in determining the amount of statutory damages, constrained by the statutory minimum and maximum. Because statutory damages serve both compensatory and punitive purposes, a plaintiff can recover statutory damages whether or not there is evidence of the actual damage suffered by the plaintiff or the profits reaped by the defendant. There is no required nexus between the amount of statutory damages awarded and any damages suffered by a plaintiff or any profits reaped by a defendant. The following is a non-exclusive list of factors you may consider relevant to the amount of a statutory damages award within those ranges:

- the value of the copyright;
- VidAngel's continuation of infringement after notice or knowledge of copyright claims;
- the need to deter VidAngel and other potential infringers;
- the nature and circumstances of the infringement;
- VidAngel's purpose and intent;
- the profit that VidAngel reaped, if any, and/or the expense that VidAngel saved, if any;
- the harm to Plaintiffs as a result of the infringement, including lost revenue, if any, and unquantifiable harm, if any;
- the duration of the infringement;
- the conduct and attitude of the parties; and
- VidAngel's ability to pay.

# CLOSING JURY INSTRUCTION NO. 21

## STATUTORY DAMAGES FOR VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT ("DMCA")

You must determine whether Plaintiffs are entitled to statutory damages for violations of the Digital Millennium Copyright, also known as the DMCA and, if so, the amount of statutory damages.

The amount you may award as statutory damages is between $200 and $2,500 for each act of circumvention.

However, if you find that VidAngel has proven by a preponderance of the evidence that it acted innocently, you may reduce the award, including to $0.

# CLOSING JURY INSTRUCTION NO. 22

## DIGITAL MILLENIUM COPYRIGHT ACT ("DMCA") – INNOCENT VIOLATION DEFENSE

A violation of the DMCA is considered innocent when the defendant has proved by a preponderance of the evidence that it was not aware and had no reason to believe that its acts constituted a violation.

# CLOSING JURY INSTRUCTION NO. 23

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CLOSING JURY INSTRUCTION NO. 24

### CONSIDERATION OF THE EVIENCE—CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view

27.

any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# CLOSING JURY INSTRUCTION NO. 25
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## <u>CLOSING JURY INSTRUCTION NO. 26</u>

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.