1

2

3

4

5

6

7

8

9

10

11

12                    UNITED STATES DISTRICT COURT

13         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14  DISNEY ENTERPRISES, INC.;           Case No. 2:16-cv-04109-AB (PLAx)
    LUCASFILM LTD. LLC;
15  TWENTIETH CENTURY FOX FILM
    CORPORATION; WARNER BROS.          **FINDINGS OF FACT AND**
16  ENTERTAINMENT INC.; MVL FILM       **CONCLUSIONS OF LAW**
    FINANCE LLC; NEW LINE
17  PRODUCTIONS, INC.; and TURNER
    ENTERTAINMENT CO.,                 Judge:   Hon. André Birotte Jr.
18
                                       Bench Trial:   June 10, 2019
19            Plaintiffs,              Time:          2:00 PM
                                       Crtrm.:        7B
20      vs.

21

22  VIDANGEL, INC,

23            Defendant.

24

25      On June 10, 2019, a bench trial was held on the ownership of 79 copyrighted

26  works claimed by Plaintiff Warner Bros. Entertainment Inc. and 23 copyrighted

27  works claimed by Plaintiff Turner Entertainment Co.  Having reviewed and

28  considered all the evidence presented during the bench trial, and the contentions and

arguments of counsel, the Court hereby makes the following findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

**A.    The Warner Bros. Entertainment Inc. Works**

1.    Plaintiff Warner Bros. Entertainment Inc. is a corporation duly incorporated under the laws of the State of Delaware.

2.    Plaintiff Warner Bros. Entertainment Inc. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "Batman," "Batman Returns," "Blazing Saddles," "The Candidate," "A Clockwork Orange," "The Color Purple," "Deliverance," "Doc Hollywood," "Driving Miss Daisy," "Empire of the Sun," "The Enforcer," "Enter The Dragon," "Every Which Way But Loose," "Full Metal Jacket," "Funny Farm," "Goodfellas," "The Goonies," "Gremlins," "Gremlins 2: The New Batch," "Innerspace," "Joe Versus The Volcano," "Lethal Weapon," "Lethal Weapon 2," "Lethal Weapon 3," "Lost Boys," "National Lampoon's Christmas Vacation," "National Lampoon's European Vacation," "National Lampoon's Vacation," "The Outlaw – Josey Wales," "Pale Rider," "The Rookie," "The Shining," "Spies Like Us," "Sudden Impact," "THX 1138," "Twilight Zone – The Movie," and ''What's Up Doc?.''  Two of the above motion pictures, "The Enforcer" and "The Outlaw – Josey Wales," were renewed in the name of Warner Bros. Entertainment Inc.

3.    For convenience at the bench trial, Plaintiffs have referred to the motion pictures listed in Paragraph 2 above as the "WBI Pictures."  The chain of title of the WBI Pictures to Warner Bros. Entertainment Inc. is established as follows:

a.    The copyrights to the WBI Pictures were registered with the U.S. Copyright Office in the name of Warner Bros. Inc.

b. On June 30, 1992, Warner Bros. Inc. assigned to Time Warner Entertainment Company, L.P. all of its right, title and interest in and to the WBI Pictures.

c. On March 31, 2003, Time Warner Entertainment Company, L.P. assigned all of its right, title and interest to numerous motion pictures, including the WBI Pictures, to Warner Communications Inc.

d. On March 31, 2003, Warner Communications Inc. assigned all of its right, title and interest to numerous motion pictures, including the WBI Pictures, to Warner Bros. Entertainment Inc.

4. Plaintiff Warner Bros. Entertainment Inc. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "The Avengers," "Batman & Robin," "Batman Forever," "Batman: Mask of the Phantasm," "'The Bodyguard," "The Bridges of Madison County," "Conspiracy Theory," "Contact," "Dave," "Demolition Man," "Dennis the Menace," "Eraser," "Executive Decision," "Eyes Wide Shut," "Fair Game," "The Fugitive," "Grumpier Old Men," "Grumpy Old Men," "Harry Potter and the Sorcerer's Stone," "The Hudsucker Proxy," "The Iron Giant," "Lethal Weapon 4," "Little Giants," "A Little Princess," "Malcolm X," "Mars Attacks!" "Midnight in the Garden of Good and Evil," "Osmosis Jones," "Outbreak," "The Pelican Brief," "The Perfect Storm," "The Postman," "Quest For Camelot," "Richie Rich," "Scooby-Doo," "Selena," "Space Jam," "Sphere," "Unforgiven," "U.S. Marshals," "Wyatt Earp," "You've Got Mail."

5. For convenience at the bench trial, the Plaintiffs have referred to the motion pictures listed in Paragraph 4 above as the "WB Pictures." The chain of title of the WB Pictures to Warner Bros. Entertainment Inc. is established as follows:

a. The copyrights to the WB Pictures were registered with the U.S. Copyright Office in the name of Warner Bros., a division of Time Warner Entertainment Company, L.P.

b.    On March 31, 2003, Time Warner Entertainment Company, L.P. assigned all of its right, title and interest to numerous motion pictures, including the WB Pictures, to Warner Communications Inc.

c.    On March 31, 2003, Warner Communications Inc. assigned all of its right, title and interest to numerous motion pictures, including the WB Pictures, to Warner Bros. Entertainment Inc.

6.    VidAngel submitted no evidence of invalidity of Plaintiff Warner Bros. Entertainment Inc.'s ownership or chain of title of the aforementioned works.

**B.    The Turner Entertainment Co. Works**

7.    Plaintiff Turner Entertainment Co. is a corporation duly incorporated under the laws of the State of Delaware.  Turner Entertainment Co. is a wholly owned subsidiary of Warner Bros. Entertainment Inc.

8.    Turner Entertainment Co. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "The Adventures of Robin Hood," "Casablanca," and "The Maltese Falcon."

9.    For convenience at the bench trial, the Plaintiffs have referred to the motion pictures listed in Paragraph 8 above as the "WBP Pictures."  The chain of title of the WBP Pictures to Turner Entertainment Co. is established as follows:

a.    The copyrights in the WBP Pictures were originally registered with the U.S. Copyright Office in the name of Warner Bros. Pictures, Inc.

b.    On July 26, 1956, Warner Bros. Pictures, Inc. assigned all of its right, title and interest in and to the copyrights in its feature motion picture photoplays, short subject motion picture photoplays, cartoon motion picture photoplays and literary properties to P.R.M., Inc.

c.    On November 27, 1956, P.R.M., Inc. changed its name to Associated Artists Productions Corp.

d.    On October 17, 1958, Associated Artists Productions Corp. assigned to United Artists Associated, Inc. all its assets.

e.　　On March 19, 1964, United Artists Associated, Inc. changed its name to United Artists Television, Inc.

f.　　United Artists Television, Inc. renewed the copyrights in the WBP Pictures with the U.S. Copyright Office.

g.　　On June 17, 1982, United Artists Television, Inc. merged into United Artists Corporation.

h.　　On March 24, 1986, United Artists Corporation assigned its motion picture copyrights, including copyrights in the WBP Pictures, to MGM/UA Entertainment Co.

i.　　On March 25, 1986, MGM/UA Entertainment Co. changed its name to MGM Entertainment Co.

j.　　On August 4, 1986, MGM Entertainment Co. merged into TBS Entertainment Co.

k.　　On August 8, 1986, TBS Entertainment Co. changed its name to Turner Entertainment Co.

10.　Turner Entertainment Co. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "Ben-Hur," "North by Northwest," "Never Let Me Go," "Ransom," "Seven Brides for Seven Brothers," "Singin' in the Rain," "The Three Musketeers," and "The Wizard of Oz."

11.　For convenience at the bench trial, the Plaintiffs have referred to the motion pictures listed in Paragraph 10 above as the "Loew's Pictures." The chain of title of the Loew's Pictures to Turner Entertainment Co. is established as follows:

a.　　The copyrights in the Loew's Pictures were originally registered with the U.S. Copyright Office in the name of Loew's Incorporated.

b.　　On February 25, 1960, Loew's Incorporated changed its name to Metro-Goldwyn-Mayer Inc.

c.     On February 29, 1980, Metro-Goldwyn-Mayer Inc. assigned all of its right, title and interest in its motion picture copyrights, including the Loew's Pictures, to Metro-Goldwyn-Mayer-Film Co.

d.     On April 12, 1982, Metro-Goldwyn-Mayer Film Co. changed its name to MGM/UA Entertainment Co.

e.     On March 25, 1986, MGM/UA Entertainment Co. changed its name to MGM Entertainment Co.

f.     On August 4, 1986, MGM Entertainment Co. merged into TBS Entertainment Co.

g.     On August 8, 1986, TBS Entertainment Co. changed its name to Turner Entertainment Co.

12.     Turner Entertainment Co. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "2001: A Space Odyssey," "Dirty Dozen," "Doctor Zhivago," "Far From the Madding Crowd," "Kelly's Heroes," "Logan's Run," "The Rounders," "Skyjacked," "Where Eagles Dare."

13.     For convenience at the bench trial, the Plaintiffs have referred to the motion pictures listed in Paragraph 12 above as the "MGM Pictures." The chain of title of the MGM Pictures to Turner Entertainment Co. is established as follows:

a.     The copyrights in the MGM Pictures were originally registered with the U.S. Copyright Office in the name of Metro-Goldwyn-Mayer Inc.

b.     The chain of title from Metro-Goldwyn-Mayer Inc. is as set forth in Paragraphs 11(c)-(g) above.

c.     The copyrights to the MGM Pictures were renewed in the U.S. Copyright Office in the name of Turner Entertainment Co.

14.     Turner Entertainment Co. is the exclusive owner by assignment of the U.S. and worldwide copyrights in the following motion pictures: "2010," "A Christmas Story," and "Strange Brew."

15. For convenience at the bench trial, the Plaintiffs have referred to the motion pictures listed in Paragraph 14 above as the "MGM/UA Pictures." The chain of title of the MGM/UA Pictures to Turner Entertainment Co. is established as follows:

a. The copyrights in the MGM/UA Pictures were registered with the U.S. Copyright Office in the name of MGM/UA Entertainment Co.

b. The chain of title from MGM/UA Entertainment Co. to Turner Entertainment Co. is as set forth in Paragraphs 11(e)-(g) above.

16. VidAngel submitted no evidence of invalidity of Plaintiff Turner Entertainment Co.'s ownership or chain of title of the aforementioned works.

## CONCLUSIONS OF LAW

17. Copyright owners or the owners of exclusive rights under copyright are entitled to institute an action for infringement. 17 U.S.C. § 501(b).

18. To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act. *See UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).

19. Plaintiff Warner Bros. Entertainment Inc. claims ownership of 79 works identified by title at Paragraphs 2 & 4 above ("WBEI Works").

20. Plaintiff Warner Bros. Entertainment Inc. established prima facie ownership of the WBEI Works by predecessor entities Warner Bros. Inc. and Warner Bros., a division of Time Warner Entertainment Co., by introducing the copyright registration and renewal certificates bearing those predecessor entities' names. Copyright registration certificates constitute prima facie evidence of the facts stated therein, including ownership by the claimant identified on the certificate. 17 U.S.C. § 410(c); *Rohauer v. Friedman*, 306 F.2d 933, 935 (9th Cir. 1962); 3 Nimmer on Copyright § 12.11[C].

21.     The March 31, 2003 Copyright Assignment Agreements between Time Warner Entertainment Company, L.P. and Warner Communications, Inc.; and between Warner Communications, Inc. to Warner Bros. Entertainment Inc. transferred "the entire copyright and all rights under copyright" (TX 1867, 1868), evincing an intent to transfer the entire copyright. *See Rohauer*, 306 F.2d at 935.

22.     Warner Bros. Entertainment Inc. was not required to produce the Intellectual Property Agreement to establish a prima facie case of ownership of the WBEI Works.  Once Plaintiff established the chain of title between Time Warner Entertainment Company, L.P. and Plaintiff Warner Bros. Entertainment Inc. by submitting the Copyright Assignment Agreements, the burden shifted to VidAngel to establish the invalidity of Plaintiff's title.  3 Nimmer on Copyright § 12.11[C].  VidAngel submitted no evidence of invalidity and therefore failed to satisfy its burden.

23.     Plaintiff Turner Entertainment Co. claims ownership of 23 works identified by title at Paragraphs 8, 10, 12, & 14 above ("Turner Works").

24.     Ownership of the Turner Works transferred when (1) MGM/UA Entertainment Co. changed its name to MGM Entertainment Co. on March 25, 1986; and (2) when MGM Entertainment Co. merged into TBS Entertainment Co. on August 4, 1986.  *See Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 721 (9th Cir. 1984).

25.     Once Plaintiff Turner Entertainment Co. established the chain of title between MGM/UA Entertainment Co. and Plaintiff Turner Entertainment Co., the burden shifted to VidAngel to establish the invalidity of Plaintiff's title.  3 Nimmer on Copyright § 12.11[C].  VidAngel submitted no evidence of invalidity, and therefore failed to satisfy its burden.

26.     The Court rejects VidAngel's argument that copyright registration certificates and chain of title documentation produced after the deadline for initial disclosures are inadmissible.  As the Court already held, all titles revealed through

discovery are in issue, and VidAngel has identified no prejudice in allowing the case to proceed as to all such titles.  (Dkt. 361.)

27.     Plaintiff Warner Bros. Entertainment Inc. is the owner of the 79 WBEI Works.

28.     Plaintiff Turner Entertainment Co. is the owner of the 23 Turner Works.

## CONCLUSION

Based on the foregoing, this Court ORDERS that Plaintiffs may claim statutory damages for the 102 works discussed above, in addition to the works whose ownership the parties have already stipulated and are shown on Appendices A1, B1, C1, D1, E1, and F1 to the parties' Proposed Final Pretrial Conference Order.

DATED this 18th day of June, 2019.

By: _____

HON. ANDRÉ BIROTTE JR.
U.S. District Court

FINDINGS OF FACT AND CONCLUSIONS OF LAW