UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-04109-AB (PLAx) | Date: | September 5, 2019 |
|---|---|---|---|

| Title: | *Disney Enterprises, Inc. et al v. VidAngel Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:   [In Chambers] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

Before the Court is Plaintiff Disney Inc. et al's ("Plaintiffs") Motion for a Permanent Injunction. ("Motion," Dkt. No. 498.) Defendant VidAngel, Inc. ("VidAngel") filed an opposition and Plaintiffs filed a reply. The Court heard oral argument on August 23, 2019. The Motion is **GRANTED**.

### DISCUSSION

This motion largely turns on issues already resolved in Plaintiffs' favor in the preliminary injunction order, *see Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 968 (C.D. Cal. 2016), *aff'd,* 869 F.3d 848 (9th Cir. 2017), and at summary judgment. The factors analyzed at the preliminary injunction stage also strongly favor entering the permanent injunction now, for the same reasons: irreparable injury, the inadequacy of legal remedies, the balance of hardships, and the public interest all favor a permanent injunction for the reasons stated before and expanded upon in Plaintiffs' papers, which the Court will not repeat in full here. It suffices to note that after the Court granted summary judgment in Plaintiffs' favor as to liability, a jury returned a $62.4

million statutory damages verdict. Given that there was little direct evidence of actual money damages, this high statutory damages verdict reinforces the Court's view that Plaintiffs' injury is irreparable and that legal remedies are inadequate. That VidAngel will probably not be able to pay the award further supports this conclusion.

The Court briefly addresses two new issues. First, whether the requested permanent injunction is moot in light of VidAngel's cessation of its disc-based service. The Court finds that the relief requested is not moot. VidAngel has said it has no plans to re-start the disc-based service, but this does not make it absolutely clear that it will never do so. VidAngel has shown, at most, that it complied with the preliminary injunction, but mere compliance with the law does not moot injunctive relief. *Friends of the Earth, Inc. v. Laidlaw Envtl Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). For the relief to be moot, VidAngel's alleged reform must be "absolutely clear," "irrefutably demonstrated and "total." *Friends of the Earth*, 528 U.S. at 189; *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986). In light of VidAngel's past willful conduct, the liability determination, and the history between the parties, the Court cannot find that this standard for mootness is satisfied here.

Second, VidAngel argues that the scope of the injunction is too broad because it arguably encompasses lawful uses of Plaintiffs' works, such as use in the unlitigated streaming service, or fair use. But "whether a non-litigated act or product of an accused infringer falls within the ambit of an injunction goes to the *enforceability,* rather than the scope, of the injunction." *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 954 (N.D. Cal. 2009), *aff'd,* 658 F.3d 1150 (9th Cir. 2011) (citing *See In re Lorillard Tobacco Co.,* 370 F.3d 982, 986 (9th Cir.2004). Similarly, VidAngel argues that the provision in the proposed injunction barring it from "facilitating any third party" is impermissibly vague. But this refers to knowingly providing third parties with the means to infringe, which is itself infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 934-37 (2005) ("one who distributes a device with the object of promoting its use to infringe copyright . . . is liable for the resulting acts of infringement by third parties," and clarifying that "nothing in *Sony* [*Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984),] requires courts to ignore evidence of intent if there is such evidence").

VidAngel's numerous other objections are overruled and rejected for the reasons stated in the Court's previous orders and in Plaintiffs' papers. The Court hereby **GRANTS** Plaintiffs' Motion For A Permanent Injunction and will enter the proposed injunction with minor changes to eliminate inadvertently-included consent judgment language. Plaintiffs must file a proposed Judgment within 7 days of the issuance of this order.

**IT IS SO ORDERED.**