UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS. ENTERTAINMENT INC.; MVL FILM FINANCE LLC; NEW LINE PRODUCTIONS, INC.; and TURNER ENTERTAINMENT CO., <br><br> Plaintiffs, <br><br> vs. <br><br> VIDANGEL, INC., <br><br> Defendant. | Case No. 2:16-cv-04109-AB (PLAx) <br><br> **[PROPOSED]** ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION <br><br> Judge: Hon. André Birotte Jr. |

Upon reviewing the legal argument and evidence presented by Plaintiffs Disney Enterprises, Inc., Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, Warner Bros. Entertainment Inc., MVL Film Finance LLC, New Line Productions, Inc., and Turner Entertainment Co. (collectively, "Plaintiffs") in support of their Motion for Permanent Injunction ("Motion"); and having reviewed the opposition legal argument and evidence presented by Defendant VidAngel, Inc. ("VidAngel"); and having considered (i) the irreparable injuries that Plaintiffs have suffered as the result of VidAngel's infringement of the works in which Plaintiffs own or control the copyrights and VidAngel's circumvention of technological protection measures ("TPMs") that control access to the Copyrighted Works; (ii) the inadequacy of remedies available at law to compensate Plaintiffs for their injuries; (iii) the balance of hardships; and (iv) the public interest, the Court HEREBY FINDS AND ORDERS as follows:

"Copyrighted Work" shall mean any work, or portions thereof, whether in existence as of the date hereof or later created, in which any Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right under the Copyright Act, 17 U.S.C. §§ 101 et seq., including, but not limited to, the 819 Copyrighted Works that were at issue in the statutory damages trial held before this Court from June 11, 2019, to June 17, 2019.

VidAngel and all of its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them that receive notice of the Permanent Injunction, ARE PERMANENTLY RESTRAINED AND ENJOINED from:

(1) circumventing technological measures protecting Copyrighted Works on DVDs, Blu-ray discs, or any other medium;

(2) copying Copyrighted Works, including but not limited to copying the Copyrighted Works onto computers or servers;

(3) streaming, transmitting, or otherwise publicly performing or, facilitating any third party in streaming, transmitting, or otherwise publicly performing, any Copyrighted Works over the Internet (including without limitation through the VidAngel.com website or any other website owned or controlled by VidAngel or with which VidAngel or any person restrained by this Permanent Injunction acts in concert); via web applications (including without limitation through platforms such as the Windows App Store, Apple's App Store, the Amazon App Store, Facebook, or Google Play); via portable devices (including without limitation through applications on devices such as iPhones, iPads, Android devices, smart phones or tablets); via media streaming devices (including without limitation the Roku, Chromecast, or Apple TV devices); or by means of any other device or process; or

(4) engaging in any other activity that violates, directly or indirectly, Plaintiffs' anti-circumvention right, 17 U.S.C. § 1201(a)(1)(A), or that infringes by any means, directly or indirectly, any Plaintiff's exclusive rights in any Copyrighted Work under Section 106 of the Copyright Act, 17 U.S.C. § 106.

This Permanent Injunction shall not apply to Defendant's use of a Copyrighted Work as to which Defendant has obtained the relevant Plaintiff's (or relevant parent's, subsidiary's, or affiliate's) express written authorization for such use, during the period in which such authorization is valid.

The Permanent Injunction is effective immediately.

The Permanent Injunction replaces the Preliminary Injunction (Dkt. 144). The Clerk of this Court shall return the Preliminary Injunction Bond (Dkt. 163) to Plaintiffs forthwith.

Defendant shall forthwith give notice of this Judgment and Permanent Injunction to each of its officers, agents, servants, employees, attorneys, assigns, partners, owners, affiliates, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

This Court shall retain exclusive and continuing jurisdiction over the Parties for purposes of interpreting or enforcing the Permanent Injunction.

IT IS SO ORDERED

DATED: September 5, 2019

_____
The Honorable André Birotte Jr.
United States District Judge

CC: Fiscal