UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-04109 AB (PLAx) | Date: | March 31, 2020 |
|---|---|---|---|

| Title: | *Disney Enterprises, Inc., et al. v. VidAngel, Inc.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Appearing                                  None Appearing

**Proceedings:**    **[In Chambers] ORDER DENYING MOTION TO AMEND OR ALTER THE JUDGMENT [Dkt. No. 533] AND MOTION FOR A NEW TRIAL OR REMITTITUR [Dkt. No. 534]**

Before the Court are Defendant VidAngel, Inc.'s ("VidAngel") Motion to Amend or Alter the Judgment (Dkt. No. 533) and Motion for a New Trial or Remittitur (Dkt. No. 534).[1] Plaintiffs Disney Enterprises, Inc., et al. ("Plaintiffs") filed oppositions to both Motions, and VidAngel filed replies. The Court heard oral argument on March 13, 2020. The Motions are **DENIED**.

---

[1] Three Court days before the deadline to file the motion for a new trial, the parties filed a stipulation to file oversized briefs in connection with that motion. Dkt. No. 531. The Court denied the stipulation and ordered the parties to abide by the page limits set by the local rules. Dkt. No. 532. Nevertheless, despite the Court's denial of the stipulation, in addition to filing a compliant 25-page opening brief, VidAngel again sought leave to file a 35-page brief. Dkt. No. 536. That request is **DENIED**.

## I. BACKGROUND

The parties are well-familiar with the background of this case so the Court will not recount it in full here. The Court previously granted summary judgment in Plaintiffs' favor as to liability on their claims against VidAngel for copyright infringement, and for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq*. *See* Order Granting Summary Judgment ("MSJ Order," Dkt. No. 323). The question of damages went to a jury.

Plaintiffs sought statutory damages on both claims. For the copyright infringement claim, the jury found that VidAngel wilfully infringed Plaintiffs' copyrights and awarded Plaintiffs statutory damages of $75,000 for each of 819 infringed works, for a total of $61,425,000. For the DMCA claim, the jury rejected VidAngel's argument that its violations of the DMCA were innocent and awarded Plaintiffs statutory damages of $1,250 for each of the 819 works, for a total of $1,023,750. The award for both counts totaled $62,237,750 in statutory damages.

VidAngel now moves for a new trial on numerous grounds and to alter or amend the judgment on the ground that the damages award violates due process.

## II. DISCUSSION

### A. VidAngel's Motion for a New Trial is Denied.

VidAngel moves for a new trial on seventeen grounds.

Most if not all of the issues were previously briefed and argued pretrial and during trial, but to the extent VidAngel failed to raise timely objections, such arguments are waived and provide no basis for granting a new trial.

VidAngel identifies five evidentiary rulings that it claims were erroneous and that require a new trial. First, the Court notes that VidAngel overstates or misleads about some of the Court's rulings. Most importantly, VidAngel suggests the Court denied its motion in limine 3 to exclude the Court's order finding that it violated the Court's preliminary injunction, and holding VidAngel in contempt and sanctioning it. The Court actually *granted* the motion in part and prohibited Plaintiffs from telling the jury that the Court held VidAngel in contempt and sanctioned it, but permitted Plaintiffs to tell the jury the Court found that VidAngel violated the preliminary injunction and did not immediately comply with it. The Court remains convinced that it correctly parsed the evidence between the

admissible and the admissible on this and other rulings. Likewise with regard to the advice of counsel defense, the Court parsed VidAngel's use of that defense into 2 subjects, and permitted the defense as to one subject but not the other based on whether VidAngel impermissibly sought to use the attorney-client privilege as both a sword and a shield on that subject. All of the evidentiary issues VidAngel now raises were raised in motions in limine and were resolved either pretrial or during trial upon VidAngel's objections. Some issues were raised and considered more than once. The Court thoroughly considered the issues then, and VidAngel has not presented anything that persuades the Court that its evidentiary rulings were erroneous. Insofar as any of these rulings were erroneous, the Court finds that given the "overall strength of [the] case" against VidAngel, *see Boyd v. City & Cnty. of S.F.,* 576 F.3d 938, 949 (9th Cir.2009), they were harmless. *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005) ("the harmless error standard we apply in civil cases must be consistent with the standard we apply to nonconstitutional errors in criminal cases: 'we must reverse ... unless it is more probable than not that the error did not materially affect the verdict.' [citation] The party benefitting from the error has the burden of persuasion. . .").

VidAngel identifies six jury instructions that it claims were erroneous. Again, most if not all of these issues were briefed and/or argued at least once and sometimes two or three times. The Court is not persuaded that it was wrong. The Court finds that its jury instructions "fairly and adequately cover the issues presented,… correctly state the law, and [were not] misleading," *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013) (quotation omitted), and that to the extent there was error, it was not prejudicial.

VidAngel complains that the Court's response to the jury note seeking the text of the Family Movie Act ("FMA") requires a new trial. The Court properly rejected VidAngel's proposal that the Court provide the jury a demonstrative of the FMA's text or a document containing only the language of the FMA because such materials were not admitted into evidence. Instead, the Court directed the parties to two admitted exhibits that *did* contain the text of the FMA, and which therefore answered the jury's question. VidAngel now argues that the Court could have proceeded in other different ways, but does not show that it proposed any of them at the time. The Court's response to the jury note was not an abuse of discretion.

VidAngel argues that the Court wrongly granted Plaintiffs' motion for summary judgment on the fair use defense and instead argues that this issue should have gone to the jury. This is in effect a motion for reconsideration and VidAngel

has not met any standard for reconsideration. Furthermore, for the reasons stated in the MSJ Order, the Court does not find error.

VidAngel argues that the jury's wilfulness finding and the damages award were against the clear weight of the evidence. Rule 59(e) permits a new trial if the verdict is against the clear weight of the evidence. VidAngel cites only evidence that arguably weighs against the verdicts. Plaintiffs point to substantial evidence that supports the jury verdicts. *See* Opp'n pp. 18-23 (reciting evidence that supports the verdicts). VidAngel fails to acknowledge or address the evidence that supports the verdicts, so it necessarily fails to show that the verdicts were *against the clear weight* of the evidence, and its motion fails. Regardless, the Court finds that these verdicts were well-supported by the evidence presented at trial.

VidAngel argues that the jury award is excessive because it does not correlate to Plaintiffs' actual monetary damages, and does not serve any legitimate interest in punishment or deterrence. But as Plaintiffs point out, statutory damages need not correlate to a party's actual money damages, and Plaintiffs presented substantial evidence of unquantifiable or intangible harm. Furthermore, the jury awards were in the very middle of the statutory range: statutory damages for wilful copyright infringement must be between $750 and $150,000 per violation, and the jury awarded $75,000 per title; statutory damages for a DMCA violation must be between $200 and $2,500, and the jury awarded $1,250 per title. Plaintiffs' theory of the case was, in part, that VidAngel's business model consisted of illegally and without license ripping hundreds of Plaintiffs' copyrighted works, altering them, and streaming them at a net discount to customers, knowing it was unlawful, in hopes of reaping profits and gaining negotiating leverage with Plaintiffs, and thereby causing Plaintiffs unquantifiable harm. This theory was supported with adequate evidence, the jury was entitled to credit it, and the damages awarded are not excessive in light of the jury's apparent acceptance of this theory.

Finally, because the Court rejects all of VidAngel's other claims of error, the Court also rejects its claim of prejudice based on cumulative error.

### B. VidAngel's Motion to Amend the Judgment is <u>DENIED</u>.

VidAngel argues that the judgment must be amended because the jury verdict awarding Plaintiffs a total of $62,237,750 in statutory damages violated its due process rights.

To overturn the jury's verdict, VidAngel must show that the award was "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *St Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919) ("*Williams*"). The Court rejects VidAngel's invitation to apply the factors set forth in *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) ("*Gore/Campbell* factors"), because in those cases, the Supreme Court set forth the standards for reviewing the constitutionality of awards of *punitive* damages, not statutory damages. The Ninth Circuit has analyzed the constitutionality of statutory damages awards under *Williams*, see, e.g., *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (National Health Services Corps Scholarship Program Act); *Two Plus Two Publ'g, LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) (Lanham Act); *Perez-Farias v. Glob. Horizons, Inc.*, 499 F. App'x 735, 737 (9th Cir. 2012) (Washington Farm Labor Contractor Act), and VidAngel points to no cases showing that the Ninth Circuit has extended the *Gore/Campbell* factors to this question. The Court therefore adheres to the *Williams* test.

As stated above, the jury clearly accepted Plaintiffs' theory of the case. Plaintiffs presented evidence showing that VidAngel engaged in copyright infringement on a massive scale, that such infringement was effectively the operational foundation of VidAngel's business model, and that VidAngel did this willfully. In response, the jury set a statutory damages award in the very middle of the permissible range for each of the 819 titles VidAngel infringed, resulting in a total award of about $62 million. This verdict is well-supported by the evidence, and the Court does not find that this amount is severe and oppressive and unreasonable, either per title or in total. To the contrary, the Court affirmatively finds that the award comports with due process in light of the conduct that the jury determined VidAngel engaged in. VidAngel argues that the maximum permissible award consistent with due process is the statutory minimum—totaling $614,250—but this calculation turns on accepting wholesale VidAngel's view of the case, which the jury was entitled to, and did, reject.

### III. CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.

**IT IS SO ORDERED**.